IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC MINH LAM,<br><br>    Petitioner,<br><br>vs.<br><br>A. P. KANE, Warden,<br><br>    Respondent. | No. C 07-1559 TEH (PR)<br><br>ORDER TO SHOW CAUSE |

On May 10, 2006, Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, filed a pro se petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") decision to deny him parole. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

### BACKGROUND

According to the petition, Petitioner was convicted in the Superior Court of the State of California in and for the County of Los Angeles of Second Degree Murder and sentenced to a term of 17 years-to-life in state prison in 1987. Petitioner has been found unsuitable for parole each time he has appeared before the BPT. He specifically challenges the BPT's decision which was finalized on January 13, 2006 after his fourth parole consideration hearing finding him not

suitable for parole. Petitioner's claims have been exhausted before the California Supreme Court.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BPT's decision finding him not suitable for parole on the grounds that the decision violates his rights under the Fifth, Sixth and Fourteenth Amendments. Liberally construed, Petitioner's claims appear colorable under § 2254 and merits an answer from respondent. <u>See</u> <u>Biggs v. Terhune</u>, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED: 10/11/07

THELTON E. HENDERSON
United States District Judge